IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT C. SGROE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-cv-00144 |
| | § | (Judge Clark/Judge Mazzant) |
| WELLS FARGO BANK, N.A. AND | § | |
| FEDERAL HOME LOAN MORTGAGE | § | |
| CORPORATION a/k/a FREDDIE MAC, | § | |
| | § | |
| *Defendants.* | § | |

**WELLS FARGO BANK, N.A.'S AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S
MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56(a) of the Civil

Local Rules of United States District Court for the Eastern District of Texas, Defendants Wells

Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation ("FHLMC"),

files this their Motion for Summary Judgment and Brief in Support Thereof, and respectfully

request that the Court grant summary judgment on each of Plaintiff's claims for the reasons set

forth herein.

Respectfully submitted,

By: */s/ Richard A. Illmer*

    Richard A. Illmer
    State Bar No. 10388350
    rillmer@brownmccarroll.com
    Chalon N. Clark-Thomas
    State Bar No. 24050045
    cclark@brownmccarroll.com

**BROWN MCCARROLL, L.L.P.**
2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 *facsimile*

**ATTORNEYS FOR THE DEFENDANTS**

# TABLE OF CONTENTS

Table of Contents ........................................................................................................... ii

Table of Authorities ..................................................................................................... iv

Summary of Relief Sought ............................................................................................. 1

Statement of Undisputed Material Facts ........................................................................ 3

    I.      Plaintiff's Purchase of the Property. .............................................................. 3

    II.     Plaintiff's Default on the Loan. ..................................................................... 3

    III.    Wells Fargo's Foreclosure on the Property. .................................................. 4

Arguments and Authorities .............................................................................................. 5

    IV.    Summary judgment standard. ........................................................................ 5

    V.     Plaintiff's claims under the Texas Fair Debt Collection Practices Act ("TDCA") fail as a matter of law because Wells Fargo has not violated the Act. ....................................... 6

    VI.    Plaintiff's claims under the Federal Trade Commission Act ("FTCA") fail as a matter of law because Wells Fargo has not violated the Act. .................................................... 7

    VII.   Plaintiff's claim for common law unreasonable collection efforts fails as a matter of law because Wells Fargo committed no unreasonable act. ..................................................... 8

    VIII.  Plaintiff's claim under the Texas Deceptive Trade Practices Act ("DTPA") fails as a matter of law. ......................................................................................................... 9

    IX.    Wells Fargo is entitled to Summary Judgment on Plaintiff's Breach of Contract Claims. ........................................................................................................ 10

        A.   Plaintiff failed to perform his contractual obligations. ................................ 11

        B.   Plaintiff's default was not excused. .............................................................. 11

        C.   Plaintiff cannot establish that Wells Fargo breached the Deed of Trust ........ 12

        D.   Wells Fargo's conduct did not cause Plaintiff's alleged injury. ................... 13

        E.   There is no evidence that Wells Fargo waived its right to foreclose. ............ 13

    X.     Wells Fargo is entitled to summary judgment on Plaintiff's negligent misrepresentation claim ......................................................................................................... 14

4736296.4
60491.73

    A.    Plaintiff's claim is barred by the economic loss rule. .................................................... 15

    B.    No loan modification was promised, any such promise would be for future performance, and Plaintiff has not been damaged. ........................................................ 16

XI.    Plaintiff is not entitled to injunctive relief. .................................................................... 17

XII.    Plaintiff's Trespass-to-try-title and Suit to Quiet Title claims fail as a matter of law... 17

XIII.    Wells Fargo is entitled to summary judgment on Plaintiff's claims for declaratory relief. ........................................................................................................................... 18

XIV.    Plaintiff is not entitled to recover attorney fees. .......................................................... 20

XV.    Summary Judgment is proper on the Defendants' claims for attorney fees. ................. 20

Conclusion and Prayer ................................................................................................................. 21

Certificate of Service ................................................................................................................... 22

4736296.4
60491.73

## FEDERAL CASES

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ............................................................................5

*Eason v. Thaler*,
73 F.3d 1322 (5th Cir. 1996) ..............................................................6

*Forsyth v. Barr*,
19 F.3d 1527 (5th Cir.), cert denied, 513 U.S. 871 (1994) ................6

*Marketic v. U.S. Bank National Association*,
436 F. Supp. 2d 842 (N.D. Tex. 2006) ..............................................10

*Matsushita Electric Industrial Co. v. Zenith Radio*,
475 U.S. 574 (1986) ............................................................................6

*McDonald v. Bennett*,
674 F.2d 1080 (5th Cir. 1982) .............................................................8

*Naranjo v. Universal Surety of America*,
679 F. Supp. 2d 787 (S.D. Tex. 2010) .................................................8

*Ragas v. Tennessee Gas Pipeline Company*,
136 F.3d 455 (5th Cir. 1998) ...............................................................6

*Standard Oil Co. of Tex. v. Marshall*,
265 F.2d 46 (5th Cir. 1959) ...............................................................17

*United States v. Mayberry*,
444 F. Supp. 2d 742 (S.D. Tex. 2006) ...............................................16

*Walker v. Fed'l Deposit Insurance Corp.*,
970 F.2d 114 (5th Cir. 1992) .............................................................10

## STATE CASES

*BCY Water Supply Corp. v. Residential Investments, Inc.*,
170 S.W.3d 596 (Tex. App.-Tyler 2005, pet. denied) ................15, 16

*Butnaru v. Ford Motor Co.*,
84 S.W.3d 198 (Tex. 2002) ................................................................17

*Charter National Bank-Houston v. Stevens*,
781 S.W.2d 368 (Tex. App.—Houston [14th Dist.] 1989, writ denied) ............................20

*Doria v. Suchowolski*,
531 S.W.2d 360 (Tex. App.—San Antonio 1975, ref. n.r.e.) ...........................17

*EMC Mortg. Corp. v. Jones*,
252 S.W.3d 857 (Tex. App.—Dallas 2008, no pet.).......................................8

*FDIC v. Coleman*,
795 S.W.2d 706 (Tex. 1990)....................................................................14

*Federal Deposit In. Corp. v. F&A Equip. Leasing*,
854 S.W.2d 681 (Tex. App.—Dallas 1993, no writ) .......................................10

*Federal Land Bank Association v. Sloane*,
825 S.W.2d 439 (Tex. 1991)....................................................................16

*Fillion v. David Silvers Company*,
709 S.W.2d 240 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ....................19

*Foley v. Newson Oil Co. v. Crawford*,
515 S.W.2d 750 (Tex. Civ. App.—Houston [14th Dist.] 1974, no writ)............................8

*Green International, Inc. v. Solis*,
951 S.W.2d 384 (Tex. 1997)....................................................................20

*Grella v. Berry*,
647 S.W.2d 15 (Tex. App.—Houston [1st Dist.] 1982, no writ).....................................19

*Jim Walter Homes, Inc. v. Reed*,
711 S.W.2d 617 (Tex. 1986)....................................................................15

*Johnson v. Baylor University*,
188 S.W.3d 296 (Tex. App.—Waco 2006, pet. denied)....................................15

*La Fleaur v. Kinard*,
161 S.W.2d 144 (Tex. Civ. App.—Beaumont 1942, writ ref. w.o.m.)............................18

*Lamar Homes, Inc. v. Mid-Continent Casualty Co.*,
242 S.W.3d 1 (Tex. 2007)........................................................................15

*Lambert v. First National Bank of Bowie*,
993 S.W.2d 833 (Tex. App.—Fort Worth 1999, pet. denied) ...........................19

*Maginn v. Norwest Mortgage Corp.*,
919 S.W.2d 164 (Tex. App.—Austin 1996, no writ)....................................10

4736296.4
60491.73

*Martin v. Amerman*,
    133 S.W.3d 262 (Tex. 2004) ...............................................................17

*McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*,
    991 S.W.2d 787 Tex. 1999) .................................................................15

*Melody Home Manufacturing Co. v. Barnes*,
    741 S.W.2d 349 (Tex. 1987) ...............................................................10

*Miller v. Raytheon Aircraft Co.*,
    229 S.W.3d 358 (Tex.App.—Houston [1st Dist.] 2007, no pet.) .....................16

*Moore v. Savage*,
    359 S.W.2d 95 (Tex. Civ. App.—Waco 1962) ), *ref'd n.r.e.*, 362 S.W.2d 298
    (Tex. 1962)........................................................................................8

*Ogden v. Gibraltar Sav. Association*,
    640 S.W.2d 232 (Tex. 1982) ...............................................................12

*Park Cities Ltd. Partnership v. Transpo Funding Corp.*,
    131 S.W.3d 654 (Tex. App.—Dallas 2004, no pet.) .................................19

*Roof System v. Johns Manville Corp.*,
    130 S.W.3d 430 (Tex. App.—Houston [14th Dist.] 2004, no pet.).................16

*Sadler v. Duvall*,
    815 S.W.2d 285 (Tex. App.—Texarkana 1991, pet. denied) .......................18

*Scherer v. Angel*,
    253 S.W.3d 777 (Tex. App. Amarillo 2007, no pet.).............................15, 16

*Southwestern Bell Telegraph Co. v. DeLanney*,
    809 S.W.2d 493 (Tex. 1991)................................................................15

*Sylvester v. Watkins*,
    538 S.W.2d 827 (Tex. Civ. App.—Amarillo 1976, writ ref'd n.r.e.)................19

*Texas Department of Public Safety v. Moore*,
    985 S.W.2d 149 (Tex. App.—Austin 1998, no pet) .................................19

*Tucker v. Graham*,
    878 S.W.2d 681 (Tex. App.—Eastland 1994, no writ)...............................19

*Ulico Casualty Co. v. Allied Pilots Association*,
    262 S.W.3d 773 (Tex. 2008).................................................................13

*Ware v. Paxton,*
    359 S.W.2d 897 (Tex. 1962)......................................................................8

*Winchek v. American Express Travel Related Services,*
    232 S.W.3d 197 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ....................11

## DOCKETED CASES

*Anthony v. Wells Fargo Bank, N.A.,*
    2012 U.S. Dist. LEXIS 31049 (S.D. Tex. 2012) ............................................15

*Baker v. Countrywide Home Loans, Inc.,* No.
    3:08-CV-0916-B, 2009 WL. 1810336 (N.D. Tex. Jun. 24, 2009)....................10

*Burnette v. Wells Fargo Bank, N.A.,*
    No. 4:09-CV-370, 2010 WL. 1026968 (E.D. Tex. Feb. 16, 2010)....................10

*Burnette v. Wells Fargo Bank, N.A.,*
    2011 U.S. Dist. LEXIS 15409 (E.D. Tex. Jan. 27, 2011).............................9. 14

*Defranceschi v. Wells Fargo Bank, N.A.,*
    2011 U.S. Dist. LEXIS 98084 (N.D. Tex. Aug. 31, 2011)...............................16

*Grant-Brooks v. WMC Mortgage Corp.,*
    No. 3:02-CV-2455-AH, 2003 WL. 23119157 (N.D. Tex. Dec. 9, 2003).........10

*Narvaez v. Wilshire Credit Corp.,*
    2010 U.S. Dist. LEXIS 137276 (N.D. Tex. Dec. 29, 2010) ..............................9

*Obuekwe v. Bank of America, N.A.,*
    2012 U.S. Dist. LEXIS 55053 (D. Tex. 2012)...................................................9

*Singha v. BAC Home Loans Servicing, LP,*
    2011 U.S. Dist. LEXIS 78727 (D. Tex. 2011)..................................................14

*Steele v. Green Tree Servicing, LLC,*
    No. 3:09-CV-0603-D, 2010 U.S. Dist. LEXIS 92756, 2010 WL. 3565415 (N.D.
    Tex. Sept. 7, 2010).............................................................................................8

*Sweet v. Wachovia Bank & Trust Co.,*
    No. 3:03-CV-1212-R, 2004 WL. 1238180 (N.D. Tex. Feb. 26, 2004) ............10

*Watson v. CitiMortgage, Inc.,*
    2012 U.S. Dist. LEXIS 13527 (D. Tex. 2012)..................................................13

4736296.4
60491.73

*Wells Fargo v. Sanghera*,
    2012 U.S. Dist. LEXIS 21399, 2012 WL. 555155 (N.D. Tex 2012) ...............................15

## FEDERAL STATUTES

Federal Rules of Civil Procedure and Rule 56(a) .............................................................. i

## STATE STATUTES

Tex. Bus. & Com. Code Ann. § 17.45(4) ....................................................................10
Tex. Civ. Prac. & Rem. Code §37.009 ....................................................................2, 20
Tex. Fin. Code § 392.001 *et. seq* ....................................................................6
Tex. Fin. Code § 392.301(a)(8) ....................................................................6
Tex. Fin. Code § 392.303(a)(2) ....................................................................6
Tex. Fin. Code § 392.304(a)(19) ....................................................................6
Tex. Prop. Code § 51.002(d) ....................................................................12
Tex. R. Civ. P. 783-809 ....................................................................17, 18

4736296.4
60491.73

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT C. SGROE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-cv-00144 |
| | § | (Judge Clark/Judge Mazzant) |
| WELLS FARGO BANK, N.A. AND | § | |
| FEDERAL HOME LOAN MORTGAGE | § | |
| CORPORATION a/k/a FREDDIE MAC, | § | |
| | § | |
| *Defendants.* | § | |

---

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation ("FHLMC") and files this its Brief in Support of Their Motion for Summary Judgment and respectfully show the Court as follows:

**SUMMARY OF RELIEF SOUGHT**

1.      This case arises out of Plaintiff's attempt to avoid eviction after Wells Fargo foreclosed on his property. After Plaintiff defaulted on his mortgage, Wells Fargo foreclosed on Plaintiff's property, and it was purchased at the sale by FHLMC.  In an attempt to prevent eviction, on February 2, 2012, Plaintiff filed his Original Petition and Request for Injunctive Relief.

2.      Summary judgment is proper on Plaintiff's claims for the following reasons:

- Plaintiff's claim under the Texas Fair Debt Collection Practices Act ("TDCPA") fails as a matter of law because: (1) Wells Fargo did not engage in any unconscionable means to collect a debt; (2) Wells Fargo did not misrepresent the

---

character extent or amount of the debt; and (3) Wells Fargo did not charge any improper fees.

- Plaintiff's claim under the Federal Trade Commission Act ("FTCA") fails as a matter of law because Wells Fargo did not violate the FTCA and Plaintiff was given an opportunity to cure;

- Plaintiff's claim for unreasonable collection efforts fails because Wells Fargo committed no unreasonable act;

- Plaintiff's claims under the Deceptive Trade Practices Act ("DTPA") fail as a matter of law because Plaintiff is not a "consumer" as defined by the Act;

- Plaintiff's breach of contract claim fails because (1) Plaintiff failed to perform his contractual obligations (failed to make payments when due); (2) Wells Fargo provided the requisite notice under the deed of trust and otherwise complied with its contractual obligations; (3) Wells Fargo's conduct did not cause Plaintiff to suffer any injury; and (4) Wells Fargo did not waive its right to foreclose;

- Plaintiff's negligent misrepresentation claim fails as a matter of law, because (1) the claim is barred by the economic loss rule, (2) there is no evidence that either Defendant misstated an existing fact (3) and Plaintiffs have failed to adequately plead damages;

- Plaintiff is not entitled to injunctive relief because the foreclosure was proper, and FHLMC is entitled to evict Plaintiff;

- Plaintiff's claims for trespass to try title and to quiet title fail as a matter of law because Wells Fargo's foreclosure was not wrongful, and title to the property was conveyed to FHLMC;

- Plaintiff is not entitled to the declaratory relief requested. Plaintiff is in default under the terms of the Note and Deed of Trust and has failed to cure; and

- Plaintiff is not entitled to the recovery of attorneys' fees.

3.      Summary judgment is proper on Defendants' claims for the following reasons:

- Plaintiff has defaulted on the Note and failed to cure in breach of the Note and Deed of Trust; and

- Defendants are entitled to attorneys fees pursuant to Note, the Deed of Trust, Note, and Sections 37.009 of the Texas Civil Practices & Remedies Code.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

**I.      Plaintiff's Purchase of the Property.**

4.      On or about April 18, 2003, Plaintiff Robert Sgroe ("Plaintiff" or "Sgroe") and his wife, Shirley Sgroe, executed a Note (the "Note") payable to Northwood Mortgage, Inc., in the principal amount of $86,100.00, together with interest at the rate of 6.25% per year until the full amount of principal had been paid.[1]

5.      To secure payment of the Note, a Deed of Trust ("Deed of Trust") was concurrently executed by Plaintiffs.[2]  The Deed of Trust encumbered the property known as 125 FM 2560, Sulphur Springs, Hopkins County, Texas 75482  (the "Property").[3]  The Note and Deed of Trust are referred to herein as the "Loan Agreement."

6.      Additionally, on April 18, 2003, Northwood Mortgage, Inc. assigned the Note and Deed of Trust to Wells Fargo Home Mortgage, Inc.[4]  On May 8, 2004, Wells Fargo Home Mortgage, Inc. merged into its parent, Wells Fargo Bank, N.A.[5]

7.      Wells Fargo is the current holder of the original "wet ink" Note.[6]

**II.      Plaintiff's Default on the Loan.**

8.      In late 2007, Plaintiff began to fall behind on making payments on the Note.[7]

9.      On or about November 16, 2008, Wells Fargo notified the Plaintiff that he was in default pursuant to the Note and terms of the Deed of Trust.[8]  To cure the default, Plaintiff was

---

[1]      App. 5-8.

[2]      App. 9-27.

[3]      *Id.*

[4]      App. 28-31.

[5]      App. 3 ¶ 8.

[6]      App. 3 ¶ 9.

[7]      App. 3 ¶ 10.

required to pay $2,734.46 by December 16, 2008 ("Reinstatement Deadline").[9] Plaintiff did not

make the required payment.[10]

10.    On or about January 29, 2009, Plaintiff and Wells Fargo entered into a Stipulated

Partial Reinstatement/Repayment Agreement. ("Reinstatement Agreement").[11] Under the

Reinstatement Agreement, Plaintiff was required to make a payment of $100 by February 6,

2009 and a payment of $46,675.87 by April 28, 2009.[12] Plaintiff failed to make the April

payment.[13]

11.    Plaintiff's last payment was in the amount of $751.31 on September 9, 2008.[14]

The Note is currently in default and Plaintiff has not cured the default.[15]

### III.    Wells Fargo's Foreclosure on the Property.

12.    On or about January 2, 2009, Wells Fargo appointed S. Walker, S. Spasic, C.

Walker or P. Walker, as substitute trustees to proceed with any foreclosure sale related to the

Property.[16]

13.    On or about July 9, 2009, Wells Fargo's foreclosure counsel, Barrett Daffin

Frappier Turner & Engle, LLP ("Barrett") sent the Plaintiff a letter, via certified mail, notifying

---

[8]    App. 34-35.

[9]    *Id.*

[10]    App. 3 ¶ 11.

[11]    App. 3 ¶ 12.

[12]    *Id.*

[13]    *Id.*

[14]    App. 3 ¶ 13.

[15]    *Id.*

[16]    App. 39.

him that the Note had been accelerated and the foreclosure sale was scheduled for September 1, 2009.[17]

14.     On or about September 1, 2009, Shannah Walker, acting as the Substitute Trustee, conducted a foreclosure sale of the Property.[18] FHLMC was the successful bidder at that sale, as memorialized in a Substitute Trustee's Deed of the same date recorded at Clerk Number 4490 in the Official Public Records of Hopkins County, Texas ("Substitute Trustee's Deed").[19]

15.     On September 27, 2011, FHLMC filed a forcible entry and detainer action against Plaintiff.[20]

ARGUMENTS AND AUTHORITIES

**IV.     Summary judgment standard.**

16.     Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.[21] When a defendant moves for summary

---

[17]     App. 40-44.

[18]     App. 45-57.

[19]     *Id.*

[20]     App. 51-53.

[21]     *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)

judgment on the plaintiff's claim, it may satisfy its summary-judgment burden by showing there is no evidence to support an essential element of the plaintiff's claim.[22]

17.     Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue.[23]   Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.[24]   Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.[25]   The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim.[26]

### V.     Plaintiff's claims under the Texas Fair Debt Collection Practices Act ("TDCA") fail as a matter of law because Wells Fargo has not violated the Act.

18.     In order to state a claim under the TDCA, Plaintiff must show: (1) the debt at issue is a consumer debt; (2) Defendants are debt collectors within the meaning of the TDCA; (3) Defendants committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against Plaintiffs; and (5) Plaintiffs were injured as result of Defendants' wrongful act.[27]   Plaintiffs claims that Wells Fargo misrepresented the amounts allegedly owed by Plaintiff, wrongfully accelerated the note and wrongfully foreclosed on the property in violation of Tex. Fin. Code §§ 392.304(a)(19), 392.303(a)(2), and 392.301(a)(8).

---

[22]     *Id.*

[23]     *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[24]     *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

[25]     *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), cert denied, 513 U.S. 871 (1994).

[26]     *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998).

[27]     *See* Tex. Fin. Code § 392.001 *et. seq.*

19.     Wells Fargo took no action which violated the TDCA, and Plaintiff has no evidence that Wells Fargo violated the act. Specifically, Plaintiff has no evidence that Wells Fargo misrepresented "the character, extent, or amount of a consumer debt" nor that Wells Fargo used any "false representation or deceptive means to collect a debt."[28] Wells Fargo merely sent notices to the Plaintiff which stated that the Note was in default, a fact which is undisputed, and foreclosed. No communication or demand sent by Wells Fargo misrepresented the amount owed upon the Note. Furthermore, Plaintiff has no evidence of any alleged damages under the TDCA.

20.     In addition Plaintiff cannot present any evidence that Wells Fargo collected or attempted to collect interest or a charge, fee, not expressly authorized by the Note or Deed of Trust. Wells Fargo simply notified Plaintiff of the amount in default.

21.     Summary judgment is proper because: (a) Plaintiff has no evidence of any violation of the Texas Finance Code by Wells Fargo, and (b) Plaintiff has no damage, and no evidence of damage, caused by an alleged violation of the act.

## VI.     Plaintiff's claims under the Federal Trade Commission Act ("FTCA") fail as a matter of law because Wells Fargo has not violated the Act.

22.     Plaintiff claims Wells Fargo violated the FTCA by failing to give Plaintiff an opportunity to cure before acceleration.[29] However, the undisputed summary judgment evidence establishes Plaintiff was given multiple opportunities to cure, including Notices of Default, and Reinstatement Plans. However, Plaintiff repeatedly failed to cure. Therefore, his claim fails as a matter of law.

---

[28]     Tex. Fin. Code §§ 392.304(8) and 392.304(19).

[29]     *See* Doc. 11, ¶ 23.

## VII. Plaintiff's claim for common law unreasonable collection efforts fails as a matter of law because Wells Fargo committed no unreasonable act.

23. Under Texas law, "[u]nreasonable collection is an intentional tort."[30] The elements of the common tort for unreasonable collection practices are: (1) unreasonable collection efforts by a defendant, (2) which were a proximate cause of mental or physical injuries of a plaintiff.[31] In order to recover, a plaintiff must prove that "[a] defendant['s] debt collection efforts 'amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm.'"[32] The Texas Supreme Court has ruled that a "campaign" of harassment and intimidation is a prerequisite to finding collection efforts to be actionable under the common law standard.[33] Unreasonable collection efforts are defined as "such efforts as a person of ordinary care and prudence would not have used under the same or similar circumstances."[34] Generally proof of "mental anguish alone is insufficient to sustain a recovery of damages, at common law, for unreasonable collection efforts."[35]

24. Here, Plaintiff cannot recover because Wells Fargo has engaged in no unreasonable collection efforts. Wells Fargo, as holder and servicer of the Note, was entitled to collect the debt from Plaintiff and entitled to foreclose. Wells Fargo merely sent notices to the Plaintiff that the Note was in default and initiated foreclosure proceedings when that default was

---

[30]    *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.).

[31]    *Foley v. Newson Oil Co. v. Crawford*, 515 S.W.2d 750 (Tex. Civ. App.—Houston [14th Dist.] 1974, no writ).

[32]    *Steele v. Green Tree Servicing, LLC*, No. 3:09-CV-0603-D, 2010 U.S. Dist. LEXIS 92756, 2010 WL 3565415, at *6 (N.D. Tex. Sept. 7, 2010) (Fitzwater, C.J.) (quoting *EMC Mortg.*, 252 S.W.3d at 868-69).

[33]    *Ware v. Paxton*, 359 S.W.2d 897, 900 (Tex. 1962).

[34]    *Moore v. Savage*, 359 S.W.2d 95, 96 (Tex. Civ. App.—Waco 1962), *ref'd n.r.e.*, 362 S.W.2d 298 (Tex. 1962).

[35]    *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 802 (S.D. Tex. 2010) (*citing McDonald v. Bennett*, 674 F.2d 1080, 1088 (5th Cir. 1982)).

not cured, as permitted by the Deed of Trust. Sending notices that the Note is in default, requesting payment from Plaintiff, and exercising rights under the Deed of Trust is not "a campaign of harassment and intimidation" in which the ordinary, reasonable person would not have engaged. Where plaintiff admits he or she was in default, did not cure the default, and only offered partial payments, conduct by a defendant in exercising its right to foreclose does not amount to a "course of harassment" that rises to the standards required to prevail upon an unreasonable collection efforts claim and summary judgment is proper.[36] Plaintiff was, and continued to be, in default on the Note until the time of foreclosure. Plaintiff was provided the opportunity to cure prior to acceleration of the note and failed to do so. Wells Fargo was not seeking an amount from Plaintiff which was not owed and there is simply no evidence of any unreasonable collection efforts by Wells Fargo or damages, including the threshold showing of mental anguish. As a result, summary judgment is proper.

## VIII. Plaintiff's claim under the Texas Deceptive Trade Practices Act ("DTPA") fails as a matter of law.

25. Plaintiff's Texas Deceptive Trade Practices Act ("DTPA") claim fails as a matter of law. In his petition, although Plaintiff asserts no factual basis for claims pursuant to the DTPA, Plaintiff makes claims for damages under Section 17.50 of the DTPA.[37] To be entitled to relief under the DTPA, Plaintiff must allege and prove that he satisfies the statute's definition of

---

[36]     *Burnette v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 15409, * 17 (E.D. Tex. Jan. 27, 2011); *Narvaez v. Wilshire Credit Corp.*, 2010 U.S. Dist. LEXIS 137276 (N.D. Tex. Dec. 29, 2010); *See also, Obuekwe v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 55053 (D. Tex. 2012)(rejecting Plaintiff's argument that "delaying to the point of foreclosure" as basis for unreasonable collection efforts claim). *Obuekwe v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 55053 (D. Tex. 2012).

[37]     Dkt. No. 11, ¶ 28.

a "consumer."[38]  The question of whether a party is a consumer under the DTPA is one of law to be determined by the trial court.[39]

26.     "To qualify as a consumer, a plaintiff must meet two requirements:  (1) the person must seek or acquire goods or services by purchase or lease, and (2) the goods or services purchased or leased must form the basis of the complaint."[40]  Additionally, even if a lender later provides services that are incidental to the completed mortgage loan, the performance of such services does not transform the borrower into a "consumer" for purposes of the DTPA.[41]

27.     Therefore, because Plaintiff can not claim "consumer" status, he cannot maintain a DTPA action and the claim must be dismissed as a matter of law.[42]

## IX.     Wells Fargo is entitled to Summary Judgment on Plaintiff's Breach of Contract Claims.

28.     To prevail on a breach of contract claim, a plaintiff must show (1) the existence of a valid contract, (2) performance or tendered performance by plaintiff, (3) breach of contract by

---

[38]     *See* Tex. Bus. & Com. Code § 17.45(4); *Burnette v. Wells Fargo Bank, N.A.*, No. 4:09-CV-370, 2010 WL 1026968, at *9 (E.D. Tex. Feb. 16, 2010) (noting that §17.50(h) – which provides "tie-in" relief under the DTPA for violations of other laws such as the TDCPA—"does not exempt claimants from showing that they qualify as a 'consumer' under § 17.45(4)"); *Marketic v. U.S. Bank Nat'l Ass'n*, 436 F. Supp. 2d 842, 854-55 (N.D. Tex. 2006) (same) (citing *Mendoza v. American Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.—San Antonio 1996, no writ)).

[39]     *Fed. Deposit In. Corp. v. F&A Equip. Leasing*, 854 S.W.2d 681, 690 (Tex. App.—Dallas 1993, no writ).

[40]     *Grant-Brooks v. WMC Mortgage Corp.*, No. 3:02-CV-2455-AH, 2003 WL 23119157, at *7 (N.D. Tex. Dec. 9, 2003) (citing Tex. Bus. & Com. Code Ann. § 17.45(4)); *see also Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 351-52 (Tex. 1987) (discussing the second element); *Baker v. Countrywide Home Loans, Inc.*, No. 3:08-CV-0916-B, 2009 WL 1810336, at *6 (N.D. Tex. Jun. 24, 2009) (same as *Grant-Brooks*); *Walker v. Fed'l Deposit Ins. Corp.*, 970 F.2d 114, 123 (5th Cir. 1992) (discussing Texas law).  "It is well recognized, however, that borrowing money does not constitute the acquisition of a good or service."  *Baker*, 2009 WL 1810336, at *6; *Marketic*, 436 F. Supp. 2d at 855 (stating that "merely obtaining a loan or an extension of credit does not qualify one as a 'consumer'"); *see, e.g., Grant-Brooks*, 2003 WL 23119157, at *1, *8 (holding that home equity loan borrowers do not constitute "consumers" under the DTPA).

[41]     *See Maginn v. Norwest Mortgage Corp.*, 919 S.W.2d 164, 166-67 (Tex. App.—Austin 1996, no writ); *see also Sweet v. Wachovia Bank & Trust Co.*, No. 3:03-CV-1212-R, 2004 WL 1238180, at *3 (N.D. Tex. Feb. 26, 2004).

[42]     *Burnette v. Wells Fargo, N.A.*, No. 4:09-CV-00370-MHS-ALM, Report and Recommendation at p. 17 (E.D. Tex., Feb. 16, 2010) (A. Mazzant).

the defendant, and (4) damages sustained as a result of the breach.[43]  Plaintiff contends that Wells Fargo breached its duties under the Deed of Trust and violated Texas Property Code § 51.002 by failing to demand past due installments before accelerating the Note.  Here, Plaintiff's breach of contract claim fails because Plaintiff cannot establish elements (2) – (4) of that cause of action.

### A. Plaintiff failed to perform his contractual obligations.

29.    Plaintiff's breach of contract claim fails because Plaintiff cannot establish that he complied with his contractual obligations under the Loan Agreement.  It is undisputed that, as of at least November 16, 2008, the loan was in default due to Plaintiff's failure to make payments required by the Note and Deed of Trust.[44]  Plaintiff's failure to make payments when due constitutes a default under the Note and Deed of Trust.  Because Plaintiff failed to perform his contractual obligations (make payments when due), his breach of contract claim fails as a matter of law.  Additionally, Plaintiff failed to honor the Partial Reinstatement and Repayment Plan by making the required payments.[45]

### B. Plaintiff's default was not excused.

30.    There is no evidence of any wrongful conduct by Wells Fargo prior to the Plaintiff's breach that would have prevented the Plaintiff from performing his contractual obligations.  Plaintiff's failure to perform his obligations under the Loan Agreement was not caused by Wells Fargo; therefore Plaintiff's default was not excused.

---

[43]    *Winchek v. American Express Travel Related Servs.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

[44]    App.  3 ¶ 11 and App. 34-35.

[45]    App.  3 ¶ 12.

**C.      Plaintiff cannot establish that Wells Fargo breached the Deed of Trust.**

31.      The summary judgment evidence conclusively establishes that Wells Fargo, in accordance with the Deed of Trust and the Texas Property Code, provided Plaintiff with all notice requirements and an opportunity to pay the past due installments prior to foreclosure.

32.      The Texas Property Code requires that a lender must serve a debtor in default under a deed of trust with written notice of default and giving at least twenty (20) days to cure the default before the entire debt is due and notice of foreclosure sale is given.[46]  The Deed of Trust requires that the lender must provide a thirty (30) day period to cure.[47]  Texas common law requires that the creditor also provide the debtor with a notice of intent to accelerate the debt.[48]  Under the Deed of Trust, Wells Fargo may require immediate payment in full of all sums secured once borrower fails to pay in full any monthly payment required by prior to or on the due date of the next monthly payment.[49]

33.      Here, on or about November 16, 2008, Wells Fargo sent the Plaintiff a notice of default combined with a notice of intent to accelerate.[50]  The letter notified Plaintiff of the delinquency on the mortgage loan at issue ($2,734.46) and advised Plaintiff that failure to cure the default by December 16, 2008 would lead to acceleration of the debt and may lead to foreclosure of the Property.[51]  Because the Plaintiffs failed to cure the default, on July 9, 2009, Wells Fargo's foreclosure counsel, Barrett, sent the Plaintiff a letter notifying him that the debt

---

[46]      Tex. Prop. Code § 51.002(d).

[47]      App. 19.

[48]      *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex. 1982)

[49]      App. 20.

[50]      App. 34-35.

[51]      *Id.*

had been accelerated and that a foreclosure sale on the Property was scheduled for September 1, 2009.[52] Thus, all notices and opportunities to cure required by the Deed of Trust and the Texas Property Code were sent by Wells Fargo. Plaintiff fails to establish any breach of the Deed of Trust by Wells Fargo.

**D.     Wells Fargo's conduct did not cause Plaintiff's alleged injury.**

34.     Plaintiff's breach of contract claim also fails as a matter of law because Plaintiff cannot establish that Wells Fargo caused Plaintiff's alleged injury. There is no evidence that Wells Fargo caused Plaintiff to default on his debt obligation, deprived Plaintiff of the opportunity to cure the default, or prevented Plaintiff from tendering sufficient funds to reinstate the loan prior to the Reinstatement Deadline. The fact is, Plaintiff failed to reinstate the loan; thus, any damages Plaintiff suffered were the result of his own conduct.

**E.     There is no evidence that Wells Fargo waived its right to foreclose.**

35.     There was no waiver by Wells Fargo of its right to foreclose on the Property pursuant to the terms of the Note and Deed of Trust. Under Texas law, "[w]aiver is the intentional relinquishment of a right actually known, or intentional conduct inconsistent with claiming that right."[53] Defendant did not expressly renounce its right to foreclose on the Property nor remained silent so long to show the intent to waive this right. Plaintiff claims that Wells Fargo waived its right to foreclose because it deliberately or negligently delayed and misled Plaintiff to the point of foreclosure.[54] To the contrary, the Deed of Trust expressly notes that "[a]ny forbearance by Lender in exercising any right or remedy … shall not be a waiver or

---

[52]     App. 40-44.

[53]     *Watson v. CitiMortgage, Inc*., 2012 U.S. Dist. LEXIS 13527 (D. Tex. 2012) citing *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008).

[54]     Amended Complaint, ¶ 33.

prejudice the exercise of any right or remedy."[55] The competent evidence before the Court establishes that the Note was never modified, there was no course of conduct by Defendants which waived any prior breach by Plaintiffs or Defendants' right to foreclose on the Property.

36.     In addition, Plaintiff's argument that Wells Fargo's alleged breach of a duty of good faith and fair dealing constitutes a waiver by Wells Fargo also fails as a matter of law. Plaintiff claims that Wells Fargo violated the requirement of good faith and fair dealing because it deliberately, or negligently, delayed or mislead Plaintiff to the point of foreclosure. However, it is well settled law, and this Court has already ruled, that a duty of good faith and fair dealing does not exist between mortgager and mortgagee.[56] In Texas, there is "no special relationship between a mortgagor and mortgagee."[57]

37.     Further, this Court has also rejected arguments by borrowers that a lender waived its right to foreclose by allegedly "delaying Plaintiff to the point of foreclosure."[58]

38.     Plaintiff's waiver argument fails as a matter of law.

**X.      Wells Fargo is entitled to summary judgment on Plaintiff's negligent misrepresentation claim.**

39.     The elements of a cause of action for negligent misrepresentation are: (1) the defendant made a representation to the plaintiff in the course of defendant's business or in a transaction which defendant had an interest in; (2) the defendant supplied false information for the guidance of others; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; (4) the plaintiff justifiably relied upon the

---

[55]     App. 17.

[56]     *FDIC v. Coleman*, 795 S.W.2d 706, 708-10 (Tex. 1990).

[57]     *Singha v. BAC Home Loans Servicing, LP*, 2011 U.S. Dist. LEXIS 78727, *10 (D. Tex. 2011)(rejecting Plaintiff's breach of contract claim based on breach of duty of good faith and fair dealing).

[58]     *Burnette v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 15409 (D. Tex. 2011)

representation; and (5) the defendant's negligent misrepresentation proximately caused the plaintiffs injury.[59] The allegedly false information provided must be a misstatement of an existing fact.[60]

### A. Plaintiff's claim is barred by the economic loss rule.

40.     The economic loss rule bars the Plaintiff's negligence claim.[61]  The Texas Supreme Court held that a cause of action for "negligence" could not be based on an allegation that a party failed to perform duties subsumed in a contract because such an action sounded in contract and not tort.[62]  To assert a claim of negligence, the Plaintiff must have suffered personal injury or property damage outside of the Note.[63]  Here, Plaintiff alleges only a purely economic loss (costs of suit and loss of title).[64]  "When a plaintiff alleges only an economic loss arising out of a contractual relationship between the parties, the plaintiff is precluded from proceeding under a negligence cause of action."[65] Here, any complaints by Plaintiff about Wells Fargo's failure to forebear foreclosure relate to the parties' contractual relationship under the terms of the Note and Deed of Trust, and cannot, as a matter of law, form the basis of a negligence or negligent misrepresentation claim.[66] As a result, Plaintiff's negligence claim fails as a matter of law and summary judgment is proper.

---

[59]     *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787. 791 (Tex. 1999); see also *Johnson v. Baylor Univ.*, 188 S.W.3d 296, 302 (Tex. App.—Waco 2006, pet. denied).

[60]     *Scherer v. Angel,* 253 S.W.3d 777, 781 (Tex. App. Amarillo 2007, no pet.); *BCY Water Supply Corp. v. Residential Invs., Inc.,* 170 S.W.3d 596, 603 (Tex. App.–Tyler 2005, pet. denied).

[61]     *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 –13 (Tex. 2007).
[62]     *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991).
[63]     *Id*.
[64]     See *Wells Fargo v. Sanghera*, 2012 U.S. Dist. LEXIS 21399, 2012 WL 555155, at *6 (N.D. Tex 2012) (Plaintiffs' alleged loss of title is an economic damage).

[65]     *Anthony v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 31049 (S.D. Tex. 2012) (citing *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)).

[66]     *Id*.

## B. No loan modification was promised, any such promise would be for future performance, and Plaintiff has not been damaged.

41.      Plaintiff contends that Wells Fargo made a negligent misrepresentation when it allegedly promised Plaintiff he qualified for a loan modification and that a payment of $20.00 would prevent foreclosure.[67]  Any such promise does not give rise to a claim for negligent misrepresentation because it is an alleged promise of future performance.[68]  Alleged oral promises that that Wells Fargo would not foreclose while the loan modification was being reviewed, are clearly promises of future performance which are not actionable.[69]  Finally, any such purported promise by Wells Fargo would have been completely gratuitous and is not actionable; Wells Fargo has no obligation to modify the Note.[70]  Plaintiff's conclusory allegations regarding alleged promises by Wells Fargo to modify the Note do not give rise to a claim for negligent misrepresentation as a matter of law.

42.      Plaintiff has no evidence to support any element of his negligent misrepresentation claim. Plaintiff has no evidence that Wells Fargo supplied any false information or that he have been damaged by an alleged misrepresentation.[71]  Plaintiff has no damages because Plaintiff never brought the loan current.  As a result, summary judgment is proper.

---

[67]      Dkt. No. 11 ¶ 13.

[68]      *Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex.App.—Amarillo 2007, no pet.) (*citing Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 379 (Tex.App.—Houston [1st Dist.] 2007, no pet.); *BCY Water Supply Corp. v. Residential Invs., Inc.*, 170 S.W.3d 596, 603 (Tex. App.–Tyler 2005, pet. denied); *Roof Sys. v. Johns Manville Corp.*, 130 S.W.3d 430, 439 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

[69]      *Defranceschi v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 98084, *20 (N.D. Tex. Aug. 31, 2011) ("Defendants correctly argues that its alleged promise to modify the note and delay foreclosure in the future is not a statement of existing fact.")

[70]      *United States v. Mayberry*, 444 F. Supp. 2d 742, 746 (S.D. Tex. 2006).

[71]      See *Federal Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

## XI. Plaintiff is not entitled to injunctive relief.

43.     Plaintiff seeks an injunction preventing Defendants and their agents from evicting the Plaintiff.  Under Texas law, a request for injunctive relief, absent a cause of action supporting entry of a judgment, is fatally defective and does not state a claim.[72]  Plaintiff has not, and cannot, state a claim for which he is entitled to relief against Defendants.  Moreover, it is clear that Wells Fargo did have the right to foreclose on the Property and FHLMC is a bona fide purchaser of the Property.  As a result, summary judgment is proper on Plaintiff's request for a permanent injunction.

## XII. Plaintiff's Trespass-to-try-title and Suit to Quiet Title claims fail as a matter of law.

44.     A trespass-to-try-title action is the method of determining title to land, improvements on land, or other real property.[73]  A trespass-to-try-title suit seeks to clear problems in chains of title or to recover the possession of land unlawfully withheld from an owner who has a right to immediate possession.[74]  It is purely statutory, and is governed by special pleading and proof requirements established by the Texas Rules of Civil Procedure.[75]  It is not to be confused with a suit to quiet title or a suit in equity for an injunction to restrain a trespasser.[76]  The burden of proof is on the Plaintiffs to establish that they have superior title to the Property.[77]

45.     Plaintiff has not properly pled trespass to try title, and has offered no proof to

---

[72]     *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002).

[73]     TEX. PROP. CODE § 22.001(a).

[74]     *Martin v. Amerman*, 133 S.W.3d 262 , 264 –265 (Tex. 2004).

[75]     TEX. R. CIV. P. 783–809.

[76]     *Standard Oil Co. of Tex. v. Marshall*, 265 F.2d 46, 50 (5th Cir. 1959).

[77]     *Doria v. Suchowolski*, 531 S.W.2d 360, 362 (Tex. App.—San Antonio 1975, ref. n.r.e.).

support such an action. For instance, the Plaintiff has not pled that Wells Fargo nor FHLMC "unlawfully entered upon and dispossessed [them] of such premises, stating the date, and withholds from [them] the possession thereof."[78] Nor can he prove this, as Wells Fargo lawfully foreclosed upon the Property and neither Wells Fargo nor FHLMC have wrongfully dispossessed Plaintiff of the Property. Because it is undisputed that Plaintiff does not have title to the Property (due to the foreclosure sale), his trespass-to-try-title claim fails as a matter of law.

46.     For Plaintiff to maintain a claim for quiet title, he must plead and prove three basic elements: 1) an interest in specific property; 2) that title to the property is affected by a claim by the defendant; and 3) that the claim, although facially valid, is invalid or unenforceable.[79] When he defaulted on the Note, causing Wells Fargo to foreclose on the Property, the Plaintiff lost any interest they could claim in the Property and Plaintiff has no evidence to establish he have an interest in the Property. Moreover, Wells Fargo's interest in the Property was valid and enforceable, as demonstrated by the Deed of Trust and FHLMC is a bona fide purchaser of the Property.  Summary judgment is thus proper for the Defendants on Plaintiff's claim for quiet title.

### XIII.  Wells Fargo is entitled to summary judgment on Plaintiff's claims for declaratory relief.

47.     Under Texas law, a declaratory judgment is only an appropriate remedy if: (1) a justifiable controversy exists as to the rights and status of the parties; and (2) the controversy will be resolved by the declaration sought.[80] The Declaratory Judgment Act is available as a

---

[78]     TEX. R. CIV. P. 783(e).

[79]     *See*, e.g., *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana 1991, pet. denied); *La Fleaur v. Kinard*, 161 S.W.2d 144, 147 (Tex. Civ. App.—Beaumont 1942, writ ref. w.o.m.).

[80]     See *Park Cities Ltd. P'ship v. Transpo Funding Corp.*, 131 S.W.3d 654, 662 (Tex. App.—Dallas 2004, no pet.); *Texas Dept. of Pub. Safety v. Moore*, 985 S.W.2d 149, 153 (Tex. App.—Austin 1998, no pet.).

procedural device to resolve a dispute over the interpretation of a written contract or other instrument.

48.     Plaintiff seeks a declaration that Wells Fargo may not foreclose on the Property.[81] However, Wells Fargo conducted the foreclosure sale on September 1, 2009.[82] To the extent Plaintiff seeks equitable rescission of the foreclosure sale, that claim fails due to his failure to tender the amount due under the Note.[83] To the extent Plaintiffs seek damages related to a wrongful foreclosure claim, their appropriate and available remedy (if any) would be a suit for damages, not declaratory relief. Declaratory relief will not be granted where the cause of action has fully matured and invokes a present remedy at law.[84]

49.     Further, Plaintiff has not identified any provision of any of the loan documents (Note or Deed of Trust) over which there is any genuine factual dispute (there is no justifiable controversy). As set forth herein, Wells Fargo has standing to foreclose on the Property because it holds and services the Note. Plaintiff is not entitled to a declaration that the, foreclosure on the Property was wrongful because Plaintiff cannot establish (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between any alleged defect and the grossly inadequate selling price.[85] There is simply no basis in law or fact

---

[81]     Dkt. No. 11 ¶ 47.

[82]     App. 45-47.

[83]     *Fillion v. David Silvers Company*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); see also *Lambert v. First National Bank of Bowie*, 993 S.W.2d 833, 835-36 (Tex. App.—Fort Worth 1999, pet. denied) ("In order to be entitled to rescission, [the plaintiff is] required to actually tender the amounts due."); *Grella v. Berry*, 647 S.W.2d 15, 18 (Tex. App.—Houston [1st Dist.] 1982, no writ) ("In a suit seeking equitable relief to avoid foreclosure, where the appellants allege they can pay the full amount of the note, we are of the opinion that the appellants must affirmatively demonstrate their ability to pay the full amount due on the note if they are to obtain equity.").

[84]     *See Tucker v. Graham*, 878 S.W.2d 681, 683 (Tex. App.—Eastland 1994, no writ); *Sylvester v. Watkins*, 538 S.W.2d 827, 831 (Tex. Civ. App.—Amarillo 1976, writ ref'd n.r.e.).

[85]     *Charter Nat'l Bank-Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ

to support Plaintiff's request that the Court declare that Wells Fargo does not have standing to foreclose. As a result, summary judgment is proper.

### XIV. Plaintiff is not entitled to recover attorney fees.

50. To recover attorneys' fees, Plaintiff must prevail on a cause of action for which attorneys' fees are recoverable and recover damages.[86] Because Plaintiff has no viable causes of action and therefore is not entitled damages of any kind, he cannot recover attorneys' fees. Accordingly, the Defendants are entitled to summary judgment on Plaintiff's claim for attorneys' fees.

### XV. Summary Judgment is proper on the Defendants' claims for attorney fees.

51. The Defendants are entitled to recover its attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §37.009., as well as pursuant to the terms of the Note and Deed of Trust. As established by the affidavit of Richard A. Illmer, $15,000 is a reasonable amount of fees in view of the amount in controversy and the nature of the lawsuit.[87] Therefore, the Defendants are entitled to recover the $15,000.00 it has expended in pursuing its claims against the Plaintiff.[88]

52. In the event of an appeal to the Fifth Circuit Court of Appeals, a reasonable a necessary attorney's fees for briefing and argument before that court is $20,000.00.[89] In the event of a petition for review to the Supreme Court is filed, a reasonable and necessary attorney's fee for responding to the petition for review is $25,000.00.[90] Finally, if the petition for

---

denied).

[86] *See, e.g., Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997).

[87] App. 49 ¶ 5.

[88] *Id.*

[89] *Id.*

[90] *Id.*

review is granted, a reasonable and necessary attorney's fee for briefing and argument before the Supreme Court is $15,000.00.[91]

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Wells Fargo and FHLMC respectfully request that the Court grant this Motion for Summary Judgment and enter an order against Plaintiff, as follows:

a. Plaintiff takes nothing as a result of his claims;

b. Costs of court;

c. Pre- and post-judgment interest at the maximum possible rate at law or in equity;

d. Reasonable attorneys' fees in the amount of $15,000.00; and

e. Such other and further relief, both general and special, at law or in equity, to which Defendants may be entitled.

Respectfully submitted,

By:*/s/ Richard A. Illmer*
    Richard A. Illmer
    State Bar No. 10388350
    rillmer@brownmccarroll.com
    Chalon N. Clark-Thomas
    State Bar No. 24050045
    cclark@brownmccarroll.com

**BROWN MCCARROLL, L.L.P.**
2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 *facsimile*
**ATTORNEYS FOR THE DEFENDANT**

---

[91]     *Id.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was delivered to all counsel of record as shown below:

_____    Mailed by certified mail, return receipt requested, postage prepaid, in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.

_____    Hand-delivered by courier receipted delivery.

_____    Communicated by telephonic document transfer to the recipient's current telecopier number.

\_\_\_X\_\_\_    Electronic Service via the Eastern District of Texas Electronic Case Filing System (ECF).

TO:    Christopher Glenn Edwards
       MASKELL LAW FIRM, P.C.
       P.O. Box 77272
       Fort Worth, Texas 76177
       Facsimile 800-507-6654

on this 30th day of November, 2012.

*/s/ Richard A. Illmer*
Richard A. Illmer