# United States District Court

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT C. SGROE | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-144 |
| | § | Judge Mazzant |
| WELLS FARGO BANK, N.A. and | § | |
| FEDERAL HOME LOAN MORTGAGE | § | |
| CORPORATION a/k/a FREDDIE MAC | § | |

## MEMORANDUM OPINION

Pending before the Court is Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation's ("FHLMC") Motion for Summary Judgment (Dkt. #22). The Court, having considered the relevant pleadings, finds that Defendants' Motion for Summary Judgment should be granted.

## BACKGROUND

On or about April 18, 2003, Plaintiff Robert Sgroe and his wife, Shirley Sgroe, executed a Note (the "Note") payable to Northwood Mortgage, Inc., in the principal amount of $86,100.00, together with interest at the rate of 6.25% per year until the full amount of principal had been paid.[1] To secure payment of the Note, a Deed of Trust ("Deed of Trust") was concurrently executed by the Sgroes. The Deed of Trust encumbered the property known as 125 FM 2560, Sulphur Springs, Hopkins County, Texas 75482 (the "Property"). The Note and Deed of Trust are referred to herein as the "Loan Agreement." On April 18, 2003, Northwood Mortgage, Inc. assigned the Note and

---

[1] The Note was dated April 18, 2003, but was signed by the Sgroes on April 21, 2003. Plaintiff asserts that there is a problem with the dates. Specifically, Plaintiff asserts that the "allonge to note" which was dated April 18, 2003, pre-dated the Note, and was not attached and therefore is invalid as matter of law. Plaintiff's argument has no merit. The fact that Plaintiff executed the Note on April 21, 2003, does not invalidate the Allonge to the Note. The facts demonstrate that the original lender transferred both the Note and Deed of Trust prior to Plaintiff's execution of the same documents. Plaintiff cites the Court to no legal authority for this argument that the Note must be executed prior to the lender preparing and executing an assignment of the Note.

Deed of Trust to Wells Fargo Home Mortgage, Inc. On May 8, 2004, Wells Fargo Home Mortgage, Inc. merged into its parent, Defendant Wells Fargo Bank, N.A. Wells Fargo is the current holder of the original "wet ink" Note.

In late 2007, Plaintiff began to fall behind on making payments on the Note. On or about November 16, 2008, Wells Fargo notified the Plaintiff that he was in default pursuant to the Note and terms of the Deed of Trust. To cure the default, Plaintiff was required to pay $2,734.46 by December 16, 2008 ("Reinstatement Deadline"). Plaintiff did not make the required payment.

On December 16, 2008, Wells Fargo sent Plaintiff a letter informing him that he was being considered for a loan modification and that he needed to call. Plaintiff contacted Defendant for the purpose of seeking a loan modification and gave Defendant financial information to initiate the modification process. On January 7, 2009, Wells Fargo sent Plaintiff a letter acknowledging the recent telephone conversation between Plaintiff and Wells Fargo and asked for more financial information from Plaintiff.

On or about January 29, 2009, Plaintiff and Wells Fargo entered into a Stipulated Partial Reinstatement/Repayment Agreement. ("Reinstatement Agreement"). Under the Reinstatement Agreement, Plaintiff was required to make a payment of $100 by February 6, 2009, and a payment of $6,675.87 by April 28, 2009. Plaintiff failed to make the April payment.[2] Plaintiff's last payment was in the amount of $751.31 on September 9, 2008. The Note is currently in default and Plaintiff

---

[2] Plaintiff asserts that Wells Fargo agreed to reinstate with him paying only $100 per month. This argument has no merit and no basis in fact. Plaintiff ignores the second page of the letter which requires $100 the first month and then requires a payment on $6,675.87 on April 28, 2009. The letter also states that receipt of the payments would not constitute a waiver of Wells Fargo's rights or remedies contained in the Note and Deed and Trust. The letter also includes a statement that foreclosure will proceed until the funds are received. It is undisputed that Plaintiff never paid the April payment.

has not cured the default.

On or about January 2, 2009, Wells Fargo appointed S. Walker, S. Spasic, C. Walker or P. Walker, as substitute trustees to proceed with any foreclosure sale related to the Property. On or about July 9, 2009, Wells Fargo's foreclosure counsel, Barrett Daffin Frappier Turner & Engle, LLP ("Barrett") sent Plaintiff a letter, via certified mail, notifying him that the Note had been accelerated and the foreclosure sale was scheduled for September 1, 2009.

On August 22, 2009, Plaintiff received a letter from Wells Fargo acknowledging Plaintiff's request for assistance with his mortgage payments. Wells Fargo informed Plaintiff that it was reviewing his request, would contact Plaintiff periodically, and that Plaintiff could expect to receive a final decision on his request withing the next forty-five to sixty days. On August 24, 2009, Plaintiff received another letter from Wells Fargo, again stating that Plaintiff's request for assistance was received, he would be contacted periodically, and that a final decision would be made on his request within the next forty-five to sixty days. On August 27, 2009, Plaintiff called Wells Fargo and spoke to a customer service representative who informed Plaintiff that he qualified for a loan modification on the condition that Plaintiff send a payment of twenty dollars to Defendant. On August 29, 2009, Plaintiff wired twenty dollars to Defendant through Western Union, which was accepted.[3]

---

[3] Plaintiff offers these facts but fails to tender to the Court any of the documents that would support these events. No letters are submitted to the Court. However, none of these facts, even if true, are actionable or prevent Wells Fargo from foreclosing. As to the original agreement, the statute of frauds requires that it be in writing. *See* Tex. Bus. & Com. Code § 26.02(a)-(b) (stating that any promise, undertaking, commitment, or agreement where the financial institution loans, delays repayment, agrees to loan or delay repayment, or otherwise makes a financial accommodation to which the amount in question exceeds $50,000 must be in writing). The Court finds that the statute of frauds is applicable to this case, and alleged oral modification did not comply with the statute of frauds. To establish the defense of promissory estoppel, a plaintiff must establish: (1) a promise; (2) reliance thereon that was foreseeable to promisor; and (3) substantial reliance by promisee to her detriment. *Lozada v. Farrall & Blackwell Agency, Inc.*, 323 S.W.3d 278, 291 (Tex. App.—El Paso 2010, no pet.). However, when promissory estoppel is

On or about September 1, 2009, Shannah Walker, acting as the Substitute Trustee, conducted a foreclosure sale of the Property. FHLMC was the successful bidder at that sale, as memorialized in a Substitute Trustee's Deed of the same date recorded at Clerk Number 4490 in the Official Public Records of Hopkins County, Texas ("Substitute Trustee's Deed"). On September 27, 2011, FHLMC filed a forcible entry and detainer action against Plaintiff.

In an attempt to prevent eviction, on February 2, 2012, Plaintiff filed his Original Petition and Request for Injunctive Relief in state court. On November 30, 2012, Defendants filed a motion for summary judgment (Dkt. #22). On December 30, 2012, Plaintiff filed a response (Dkt. #23, #24, #25). On January 7, 2013, Defendants filed a reply (Dkt. #26).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there

---

raised as a defense to the statute of frauds, "there is an additional requirement that the promisor promised to sign a written document complying with the statute of frauds." *Ford v. City Bank of Palacios*, 44 S.W.3d 121, 139 (Tex. App.—Corpus Christi 2001, no pet.). There is no allegation offered that Wells Fargo promised to execute a written document. Therefore, the Court concludes that Plaintiff offers insufficient summary judgment evidence that could support a promissory estoppel claim as a defense to the statute of frauds. *See Deuley v. Chase Home Fin. LLC*, No. H-05-04253, 2006 WL 1155230, at *4 (S.D. Tex. Apr. 26, 2006). Under Texas law, the statute of frauds does not apply to partially performed oral contracts if denial of enforcement of the contract amounts to a virtual fraud. *Barnett v. Legacy Bank of Tex.*, No. 11-02-00114-CV, 2003 WL 22358578, at *7 (Tex. App.—Eastland Oct. 16, 2003, pet. denied). Fraud arises if the contract is denied when "there is strong evidence establishing the existence of an agreement and its terms…." *Id.* at *7. A party's partial performance is strong evidence when it is "unequivocally referable to the agreement and corroborative of the fact that a contract was actually made…." *Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 439 (Tex. App.—Dallas 2002, pet. denied). "The acts of performance…must be such as could have been done with no other design than to fulfill the particular agreement sought to be enforced…." *Barnett*, 2003 WL 22358578, at *7. There is no summary judgment evidence that establishes a fact issue on the necessary elements of partial performance. Thus, Plaintiff's claim that Wells Fargo orally instructed him to make a $20 payment in order to receive a loan modification fails under the statute of frauds. There is no basis for Plaintiff to recover for alleged oral modification to the Note and Deed of Trust.

is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

## EVIDENTIARY OBJECTIONS

The Note was dated April 18, 2003, but was signed by the Sgroes on April 21, 2003. Plaintiff asserts that there is a problem with the dates. Specifically, Plaintiff asserts that the "allonge to note" which was dated April 18, 2003, pre-dated the Note, and was not attached and therefore is

5

invalid as matter of law. Plaintiff's argument has no merit. The fact that Plaintiff executed the Note on April 21, 2003, does not invalidate the Allonge to the Note. The facts demonstrate that the original lender transferred both the Note and Deed of Trust prior to Plaintiff's execution of the same documents. Plaintiff cites the Court to no legal authority for this argument that the Note must be executed prior to the lender preparing and executing an assignment of the Note.

Plaintiff next objects that the Allonge to the Note was signed by Joyce Lockwood as Vice President of Loan Documentation as Attorney in Fact for Wells Fargo, but Defendants stated in their discovery that "after a diligent search, there is no record of a Joyce Lockwood in the Wells Fargo human resources file. Plaintiff argues that this situation creates a fact issue. This argument is also misplaced. Wells Fargo concedes that it has no record of Joyce Lockwood as an employee, but asserts that she was an employee of the original lender, Northwood Mortgage, Inc. This is established by her signature on the Assignment of the Deed of Trust. The Court agrees with Defendants that it would be nonsensical for Wells Fargo to endorse the Note to itself. The Court sees no fact issue.

Plaintiff also generally objects to the alleged facts as stated by Defendants, asserting they are legal conclusions and hearsay. However, Plaintiff makes these general objections which are insufficient. Plaintiff is required to make specific objections. Plaintiff fails to cite to one fact as alleged by Defendants that is improper. Furthermore, statements would not be hearsay because they are supported by a sworn affidavit from a person with personal knowledge.

Plaintiff also objects to the fact that Wells Fargo is the current holder and owner of the Note. Plaintiff asserts that without the Allonge to Note and the subsequent fraudulent transfers, Wells Fargo is not the legal owner of the Note and/or Deed of Trust and therefore the foreclosure sale was

void as a matter of law.  This argument is misplaced and has no basis in law or fact.  There is no fact

issue.  Defendants present sufficient summary judgment evidence that Wells Fargo acquired the

Note.  Wells Fargo is in possession of the original wet ink Note.  Wells Fargo has presented evidence

demonstrating the chain of title to Wells Fargo and the appointment of Wells Fargo as the servicer.

Plaintiff has failed to identify or present controverting evidence.  Thus, Wells Fargo was entitled to

foreclose as the owner of the Note.  *See Bittinger v. Wells Fargo Bank NA*, No. H–10–1745, 2011

WL 5415664, at *7 (S.D. Tex. Nov. 8, 2011).

The summary judgment evidence in this case documents the transfer of the Note and Deed

of Trust to Wells Fargo, which establishes Wells Fargo's standing to assert a claim on the note.

*Maluski v. U.S. Bank NA*, 349 F. App'x 971 (5th Cir. 2009). Pursuant to the UCC, a "person entitled

to enforce" an instrument, "means (i) the holder of the instrument, (ii) a nonholder in possession of

a the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument

who is entitled to enforce the instrument ..." TEX. BUS. & COM. CODE § 3.301.  A "holder" includes

"the person in possession of a negotiable instrument that is payable either to bearer or an identified

person that is the person in possession." TEX. BUS. & COM. CODE § 1.201(b)(21)(A).  A person may

become the holder either at issuance or by negotiation.  *Leavings v. Mills*, 175 S.W.3d 307, 309

(Tex. App.--Houston [1st Dist.], no pet.).  A "negotiation" is a transfer of possession "of an

instrument by a person other than the issuer to a person who thereby becomes its holder." TEX. BUS.

& COM. CODE § 3.201(a).  In general, a negotiation requires the transfer of possession of the

instrument and its indorsement by the holder.  "If an instrument is payable to bearer, it may be

negotiated by transfer of possession alone."  *Id.*

Defendants also assert that Plaintiff lacks standing to challenge the assignment because

Plaintiff does not allege he is party to the assignment that is being contested. The Court agrees that Plaintiff lacks standing to contest any assignment. Recently, a court addressed this issue and found as follows:

> Plaintiff has no standing to contest the various assignments as she was not a party to the assignments. Even if she has standing, her allegations are without merit because MERS was given the authority to transfer the documents in the Deed of Trust. The Restatement (3d) of Property offers no support for Plaintiff's claims. As MERS is a beneficiary and nominee for both the originating lender and its successors and assigns by the express language in the Deed of Trust, the situation falls within an exception to the general rule that a party holding only the deed of trust cannot enforce the mortgage. See Comment e to the Restatement (3d) of Property (Mortgages) § 5.4. Section 5.4 additionally notes that a "transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise." Plaintiff makes no allegations that the parties in this case agreed otherwise. Finally, while the Note may not specifically mention MERS, the Note and Deed of Trust must be read together in evaluating the terms…thus, the Note and Deed of Trust are construed together as a single instrument.

*Eskridge v. Fed. Home Loan Mortgage Corp. et al.*, No. W-10-CA-285, 2011WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011); *see also Davis v. Bank of Am., N.A.*, No. 3:11-CV-3276-B, 2012 WL 2679452, at *2 (N.D. Tex. July 6, 2012). Moreover, this Court has made this same finding in many cases. *See Dempsey v. U.S. Bank Nat.*, No. 4:10CV679, 2012 WL 2036434, at * 5 (E.D. Tex. June 6, 2012); *Lusk v. Wells Fargo Bank, Nat. Ass'n*, Cause No. 4:11CV381, 2012 WL 1836342, at * 5 (E.D. Tex. May 21, 2012); *Willard v. Deutsche Bank Nat. Trust Co. ex rel. Certificate Holders of Morgan Stanley ABS Capital Inc. Trust 2004-NC2, Mortg. Pass Through Certificate Series 2004-NC2*, No. 4:11-CV-844, 2012 WL 874552, at * 4 (E.D. Tex. February 21, 2012); *Cannon v. JPMorgan Chase Bank, N.A.*, No. 4:11-CV-458, 2011 WL 6838615, at * 4 (E.D. Tex. Nov. 16, 2011).

Courts in Texas have repeatedly recognized that Texas law allows either a mortgagee or a mortgage servicer to administer a deed of trust foreclosure without production of the original note.

*See Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *3 (W.D. Tex. Apr. 26, 2011); *Coleman v. Bank of America, N.A.*, No. 3-11-CV-0430-GBD, 2011 WL 2516169, at *2 (N.D. Tex. May 27, 2011), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. June. 22, 2011); *Dillard v. Mortgage Electronic Registration Systems, Inc.*, No. 3-10-CV-0091-N, slip op. at 4 n.1 (N.D. Tex. Apr. 16, 2010), *appeal dismissed*, No. 11-10069 (5th Cir. Apr. 21, 2011); *Sawyer v. Mortg. Elec. Registration Sys., Inc.,* No. 3-09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010); *Athey v. Mortg. Elec. Registration Sys., Inc.*, 314 S.W.3d 161, 165-66 (Tex. App.–Eastland 2010, no pet.); TEX. PROP. CODE § 51.002(a)-(h) (setting forth requirements for non-judicial foreclosure in Texas, which do not include producing original note); *Edwards v. Ocwen Loan Servicing, LLC*, No. 9:10cv89, 2012 WL 844396, at *5 (E.D. Tex. Mar. 12, 2012).

The summary judgment evidence is clear that Wells Fargo is entitled to foreclose as the owner of the Note. The original lender assigned the Deed of Trust to Wells Fargo via an Assignment of the Deed of Trust dated April 18, 2003, the same date as the endorsement of the Note to Wells Fargo. Under Texas law, the Assignment of the Deed of Trust gave Wells Fargo the authority to foreclose the Property even if it did not also hold the Note. Moreover, Wells Fargo has presented undisputed summary judgment evidence that it is the owner and holder of the Note and is entitled to foreclose.

Plaintiff next objects to the declaration of Michael John Dolan ("Dolan"), a Litigation Support Manager for Wells Fargo. Plaintiff asserts that the declaration intends to prove that the records attached to the declaration are business records of Wells Fargo, but Plaintiff asserts that the declaration fails to meet the standard to prove the documents as business records.

Federal Rule of Civil Procedure 56(c)(4) requires an affidavit to be made on "personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." However, personal knowledge may also be inferred from the affiant's position with the company. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005). A custodian of records is competent to testify from the business records as a corporate representative. *See* FED. R. EVID. P. 803(6); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000); *Bittinger*, 2011 WL 5415664, at *3; *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 627 (N.D. Tex. 2011). Dolan is a Litigation Specialist for Wells Fargo. He has personal knowledge of Wells Fargo's business practices. Further, as a result of his review of the records in this case, it can be reasonably inferred that he has personal knowledge of the facts applicable to Plaintiff's loan in this case. Therefore, Plaintiff's objections to the affidavit of Dolan are overruled.

Plaintiff next objects to the declaration of Becky Howell ("Howell"). Howell is a Chief Administrative Officer of Foreclosure for National Default Exchange, LP, which is an affiliated service provider for Barrett. Plaintiff argues that the declaration attempts to prove that the records attached to the declaration are business records of Barrett, but Plaintiff argues she is not an employee of Barrett. For the same reasons that the Dolan declaration is not objectionable, the Howell declaration likewise is not objectionable. Howell is the Chief Administrative Officer of Foreclosure for National Default, which is affiliated service provider to Barrett. Howell is a custodian of records for Barrett. Howell is not required to be an employee of Barrett. Howell has sufficient personal knowledge. Plaintiff's objections to the Howell declaration are overruled.

The Court finds that there are no defects in Defendants' summary judgment evidence.

## DISCUSSION AND ANALYSIS

**Texas Fair Debt Collection Practices Act**

Defendants assert that Plaintiff's claims under the Texas Fair Debt Collection Practices Act ("TDCA") fail as a matter of law because Wells Fargo has not violated the Act. TEX. FIN. CODE § 392.001, et seq.

Plaintiff asserts violations of the Texas Finance Code, Sections 392.304(a)(19), 392.304(a)(8), and 392.303(a)(2). Plaintiff claims that Wells Fargo misrepresented the amounts allegedly owed by Plaintiff, wrongfully accelerated the Note and wrongfully foreclosed on the Property in violation of Tex. Fin. Code §§ 392.304(a)(19), 392.303(a)(2), and 392.304(a)(8).

In order to state a claim under the TDCA, Plaintiff must show: (1) the debt at issue is a consumer debt; (2) Defendants are debt collectors within the meaning of the TDCA; (3) Defendants committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against Plaintiff; and (5) Plaintiff was injured as result of Defendants' wrongful act. The TDCA does not prevent a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE § 392.301(b)(3); *Sweet v. Wachovia Bank and Trust Company*, No. 3:03-CV-1212-R, 2004 WL 1238180, at *3 (N.D. Tex. Feb. 26, 2004). Plaintiff offers no evidence that Defendants did anything that was false or deceptive in attempting to collect the debt, or threatened an action prohibited by law.

Section 392.304(a)(8) states, "in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that... misrepresent[s] the character, extent, or amount of a consumer debt." For a statement to constitute

11

a misrepresentation under the TDCA, defendant must have made a false or misleading assertion. *Reynolds v. Sw. Bell Tel., L.P.*, No. 2-05-356-CV, 2006 WL 1791606, at *7 (Tex. App.-Fort Worth June 29, 2006, pet. denied). The TDCA does not prevent a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE § 392.301(b)(3). Foreclosure is not an action prohibited by law. There is no evidence that Defendants violated this section of the Texas Finance Code. *See Watson v. Citimortgage, Inc.*, No. 4:10-cv-707, 2012 WL 381205, at *8 (E.D. Tex. Feb. 3, 2012).

Section §392.303(a)(2) prohibits a debt collector from using unfair or unconscionable means that employ the following practices: (2) collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer. Plaintiff failed to offer evidence of charges unauthorized by the Deed of Trust, and the Court cannot find a genuine issue of material fact regarding this claim.

Wells Fargo took no action which violated the TDCA, and Plaintiff has no evidence that Wells Fargo violated the TDCA. Plaintiff has no evidence that Wells Fargo misrepresented "the character, extent, or amount of a consumer debt" nor that Wells Fargo used any "false representation or deceptive means to collect a debt." Wells Fargo sent notices to the Plaintiff which stated that the Note was in default and foreclosed. No communication or demand sent by Wells Fargo misrepresented the amount owed upon the Note. In addition, Plaintiff has no evidence of any alleged damages under the TDCA.

In his response, Plaintiff points to the documents and the Allonge to Note which was he asserts were falsely attached to the mortgage in order to transfer the Property. The Court has already

rejected this misplaced argument. Plaintiff also points to the issue of Joyce Lockwood. Again, the Court has rejected this argument. She was not an employee of Wells Fargo, but instead an employee of the original mortgage company. There was no evidence of fraudulent transfers or actions by Wells Fargo. The Court had already rejected Plaintiff's claim that Wells Fargo is not the owner or holder of the Note. Plaintiff's claims for violations of the TDCA fail and should be dismissed.

**Federal Trade Commission Act Claim[4]**

Defendants next move for summary judgment on Plaintiff's claims under the Federal Trade Commission Act ("FTCA") because Wells Fargo asserts that it has not violated the Act. Plaintiff claims Wells Fargo violated the FTCA by failing to give Plaintiff an opportunity to cure before acceleration. Defendants assert that the undisputed summary judgment evidence establishes Plaintiff was given multiple opportunities to cure, including Notices of Default, and Reinstatement Plans. The Court agrees that Plaintiff was given the opportunities, but repeatedly failed to cure. Thus, this claim fails as a matter of law.

**Unreasonable Collection Efforts Claim**

Defendants assert that Plaintiff's claim for common law unreasonable collection efforts fails as a matter of law because Wells Fargo committed no unreasonable act.

Under Texas law, "[u]nreasonable collection is an intentional tort." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.–Dallas 2008, no pet.). "[T]he elements are not clearly defined and the conduct deemed to constitute an unreasonable collection effort varies from case to case." *Id.* To recover on this claim, Plaintiffs must prove that Defendant's debt collection efforts "amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental

---

[4] Plaintiff's response failed to address his claims under the FTCA.

anguish and bodily harm." *Id.* at 868-69 (citations omitted); *Steele v. Green Tree Servicing, LLC*, No. 3:09-CV-0603-D, 2010 WL 3565415, at *6 (N.D. Tex. Sept. 7, 2010). The reasonableness of conduct is judged on a case-by-case basis. *B.F. Jackson, Inc. v. CoStar Realty Information, Inc.*, No. H-08-3244, 2009 WL 1812922, at *5 (S.D. Tex. May 20, 2009) (citing *Woodrum v. Bradley*, No. 1314-90-00071-CV, 1990 WL 151264, at *4 (Tex. App.-Houston[14th Dist.] Oct. 11, 1990, writ denied). Generally, "mental anguish damages alone will not establish a right of recovery; the plaintiff must suffer some physical or other actual damages in order to be entitled to relief." *Id.*

Defendants assert that Plaintiff cannot recover because Wells Fargo has engaged in no unreasonable collection efforts. Wells Fargo argues that as holder and servicer of the Note, it was entitled to collect the debt from Plaintiff and entitled to foreclose. Wells Fargo further argues that it merely sent notices to the Plaintiff that the Note was in default, and initiated foreclosure proceedings when that default was not cured, as permitted by the Deed of Trust. The Court agrees.

Sending notices that the Note is in default, requesting payment from Plaintiff, and exercising rights under the Deed of Trust is not "a campaign of harassment and intimidation" in which the ordinary, reasonable person would not have engaged. Where Plaintiff admits he was in default, did not cure the default, and only offered partial payments, conduct by Wells Fargo in exercising its right to foreclose does not amount to a "course of harassment" that rises to the standards required to prevail upon an unreasonable collection efforts claim. Plaintiff was, and continued to be, in default on the Note until the time of foreclosure. Plaintiff was provided the opportunity to cure prior to acceleration of the Note and failed to do so. Wells Fargo was not seeking an amount from Plaintiff which was not owed, and there is simply no evidence of any unreasonable collection efforts by Wells Fargo or damages, including the threshold showing of mental anguish.

The Court has consistently applied the EMC standard. *See Watson v. Citimortgage*, Inc., 814 F. Supp. 2d 726, 734 (E.D. Tex. 2011); *Henry v. Citimortgage*, No. 4:11-CV-83, 2011 WL 2261166, at *4 (E.D. Tex. May 10, 2011); *Burnette v. Wells Fargo Bank, N.A.*, No. 4:09-CV-370, 2011 WL 676955, at *6 (E.D. Tex. Jan. 27, 2011); *see also Smith v. JPMorgan Chase Bank, N.A.*, No. 12–40816, 2013 WL 1165218 (5th Cir. Mar. 22, 2013); *Milton v. U.S. Bank Nat. Ass'n.*, No. 12–40742, 2013 WL 264561 (5th Cir. Jan. 18, 2013).

Plaintiff has failed to provide any evidence that Wells Fargo's conduct amounted to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm. Plaintiff's unreasonable collection efforts claim fails as a matter of law.

## Texas Deceptive Trade Practices Act ("DTPA")[5]

To qualify as a consumer under the DTPA, a plaintiff must (1) seek or acquire goods or services and (2) the goods or services purchased or leased must form the basis of the complaint. *Modelist v. Deutsche Bank Nat. Trust Co.*, No. H-05-1180, 2006 WL 2792196, at *7 (S.D. Tex. Aug. 25, 2006) (citing *Sherman Simon Enters., Inc. v. Lorac Serv. Corp.*, 724 S.W.2d 13, 14 (Tex. 1987)). Whether a plaintiff is a consumer under the DTPA is a question of law. *Id.* (citing *Holland Mortgage & Inv. Corp. v. Bone*, 751 S.W.2d 515, 517 (Tex. App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.)).

In evaluating whether Plaintiff is a consumer under the DTPA, the Court must look to the object of the transaction. TEX. BUS. & COM. CODE ANN. § 17.45; *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 567 (Tex. 1984). In *La Sara Grain Company*, the Texas Supreme Court held that a lender may be subject to a DTPA claim if the borrower's "objective" was

---

[5] Plaintiff's response failed to address his DTPA claim.

15

the purchase or lease of a good or service. *La Sara Grain Co.*, 673 S.W.2d at 567. However, a person whose objective is merely to borrow money is not a consumer because the lending of money does not involve either the purchase or lease of a good or service. *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980).

In the present case, it is undisputed that Plaintiff's claims arise out of a loan and do not involve the purchase or lease of either goods or services. Plaintiff did not seek to purchase or lease any goods or services from Defendants. Therefore, Plaintiff is not "consumer" with respect to the home loan. Therefore, because Plaintiff cannot claim "consumer" status, he cannot maintain a DTPA action and the claim must be dismissed as a matter of law.

**Breach of Contract Claim**

In order to establish a claim for breach of contract, a plaintiff must establish: (1) the existence of a valid, enforceable contract; (2) the plaintiff performed or tendered performance; (3) defendant breached the contract; and (4) defendant's breach caused plaintiffs' damages. *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

Defendants first assert that because Plaintiff cannot establish that he performed his obligation under the Note and the Deed of Trust of making payments he cannot establish a breach of contract claim. Plaintiff first fell behind on his mortgage payments, in at least November 2008 and the loan was in default due to Plaintiff's failure to make payments as required by the Note and Deed of Trust.

Plaintiff asserts that Defendants cannot hide behind Plaintiff's breach as an excuse for nonperformance. Plaintiff argues that after his breach, Defendants continued to require Plaintiff to perform under the contract. Plaintiff argues that he continued to perform by maintaining his property

and hazard insurance as required.

A party's nonperformance of a contract will be excused when that party's performance is prevented by the other party. *See Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex.App.--Houston [1st Dist.] 2003, pet. denied); *Erickson v. Rocco*, 433 S.W.2d 746, 751–52 (Tex. Civ. App.--Houston [14th Dist.] 1968, writ ref'd n.r.e.). There is no evidence that Defendants did anything to prevent Plaintiff from meeting his obligations under the Note and Deed of Trust. The Court agrees that Plaintiff's breach of contract claims fail because he was in breach. *See Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 809-810 (N.D. Tex. 2012); *Narvaez v. Wishire Credit Corp.*, 57 F. Supp. 2d 621, 629 (N.D. Tex. 2010). In addition, Plaintiff failed to honor the Partial Reinstatement and Repayment Plan by making the required payments. Therefore, Plaintiff's breach of contract claim fails as a matter of law.

Defendants also assert that Plaintiff cannot establish that Wells Fargo breached the Deed of Trust. Defendants argue that the summary judgment evidence conclusively establishes that Wells Fargo, in accordance with the Deed of Trust and the Texas Property Code, provided Plaintiff with all notice requirements and an opportunity to pay the past due installments prior to foreclosure.

Texas Property Code § 51.002(b) requires that notice of a foreclosure sale must be given at least twenty-one (21) days before the date of sale by posting the written notice at the courthouse door, filing it in the office of the county clerk, and by serving written notice by certified mail on each debtor who is obligated to pay the debt. TEX. PROP. CODE § 51.002(b)(1-3). Texas common law requires that the creditor also provide the debtor with a notice of intent to accelerate the debt. *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex. 1982). A debtor in default of a note must be served with written notice of the default and an opportunity to cure by certified mail at least twenty

(20) days before notice of sale can be given. TEX. PROP. CODE § 51.002(d). The Deed of Trust requires that the lender must provide a thirty (30) day period to cure. Service of both notices must be by certified mail at the debtor's last known address. TEX. PROP. CODE § 51.002(e). The Deed of Trust provides a right to reinstate after acceleration which is subject to periods provided in applicable law.

The summary judgment evidence demonstrates that on or about November 16, 2008, Wells Fargo sent the Plaintiff a notice of default combined with a notice of intent to accelerate. The letter notified Plaintiff of the delinquency on the mortgage loan at issue ($2,734.46) and advised Plaintiff that failure to cure the default by December 16, 2008, would lead to acceleration of the debt and may lead to foreclosure of the Property. Because the Plaintiff failed to cure the default, on July 9, 2009, Wells Fargo's foreclosure counsel, Barrett, sent the Plaintiff a letter notifying him that the debt had been accelerated and that a foreclosure sale on the Property was scheduled for September 1, 2009. All notices and opportunities to cure required by the Deed of Trust and the Texas Property Code were sent by Wells Fargo. Thus, Plaintiff fails to establish any breach of the Deed of Trust by Wells Fargo.

Defendants also assert that Plaintiff's breach of contract claim also fails as a matter of law because Plaintiff cannot establish that Wells Fargo caused Plaintiff's alleged injury. The Court agrees that there is no evidence that Wells Fargo caused Plaintiff to default on his debt obligation, deprived Plaintiff of the opportunity to cure the default, or prevented Plaintiff from tendering sufficient funds to reinstate the loan prior to the Reinstatement Deadline. Plaintiff failed to reinstate the loan, and any damages Plaintiff suffered were the result of his own conduct.

Defendants next move for summary judgment asserting that Plaintiff's waiver allegations are

baseless because it never engaged in conduct inconsistent with its right to foreclose.

Under Texas law, "[t]he elements of waiver are: (1) an existing right, benefit, or advantage; (2) knowledge, actual or constructive, of its existence; and (3) an actual intent to relinquish the right (which can be inferred from conduct)." *G.H. Bass & Company v. Dalsan Properties—Abilene*, 885 S.W.2d 572, 577 (Tex. App.–Dallas 1994, no writ); *Wigginton v. Bank of New York Mellon*, No. 3:10-cv-2128, 2011 WL 2669071, at *4 (N.D. Tex. July 7, 2011). "Intent is the key element in establishing waiver," but "[t]he law on waiver distinguishes between a showing of intent by actual renunciation and a showing of intent based on inference." *G.H. Bass & Company*, 885 S.W.2d at 577; *Motor Vehicle Bd. of the Texas Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n, Inc.*, 1 S.W.3d 108, 111 (Tex. 1999). Where waiver is based on inference, "it is the burden of the party who is to benefit by a showing of waiver to produce conclusive evidence that the opposite party 'unequivocally [sic] manifested' its intent to no longer assert its claim." *G.H. Bass & Company*, 885 S.W.2d at 577.

Plaintiff claims that Wells Fargo waived its right to foreclose because it deliberately or negligently delayed and misled Plaintiff to the point of foreclosure. Defendants assert that there was no waiver by Wells Fargo of its right to foreclose on the Property pursuant to the terms of the Note and Deed of Trust. Defendants assert that the competent evidence before the Court establishes that the Note was never modified, there was no course of conduct by Defendants which waived any prior breach by Plaintiff or Defendants' right to foreclose on the Property. The Court agrees.

The Court finds that Plaintiff has offered insufficient summary judgment evidence that Defendants "unequivocally manifested" an intent to waive their acceleration rights or right to foreclose. Because there is no summary judgment evidence that Defendants expressed an actual

intent to waive their right to foreclose under the loan agreement, Plaintiff's breach of contract claim fails as a matter of law.

Defendants next assert that Plaintiff's contract claim based on breach of the duty of good faith and fair dealing fails as a matter of law because mortgagees owe mortgagors no such duty. The Court agrees. Texas case law clearly indicates no such duty exists. There is not a duty of good faith between a mortgagor and a mortgagee. *Tremble v. Wells Fargo Home Mortg.*, 478 F. App'x 164, 167 (5th Cir. 2012); *FDIC v. Coleman,* 795 S.W.2d 706, 708–10 (Tex. 1990). Placing a lien on real property is not governed by the U.C.C. and does not create an implied duty of good faith. *Water Dynamics, Ltd. v. HSBC Bank USA Nat. Ass'n*, No. 4:11-CV-614-A, 2012 WL 34252, at *6 (N.D. Tex. Jan. 6, 2012); *Vogel v. Travelers Indem. Co.,* 966 S.W.2d 748, 753 (Tex.App.-San Antonio 1998, no pet.). There is not a special relationship between a borrower and a note-holder that creates a duty of good faith. *UMLIC VP LLP v. T&M Sales and Envtl. Sys., Inc.,* 176 S.W.3d 595, 612 (Tex. App.—Corpus Cristi 2005, pet. denied). Any claim based upon this alleged breach should be dismissed. *See Watson*, 814 F. Supp.2d at 731.

"Because the Deed of Trust places a lien on real property, it is not governed by the UCC." *Vogel,* 966 S.W.2d at 753 (citing TEX. BUS. & COM. CODE ANN. § 9.104(10); *Long v. NCNB–Texas Nat'l Bank*, 882 S.W.2d 861, 864 (Tex. App.–Corpus Christi 1994, no writ)). This Court has consistently held that because deeds of trust place liens on real property they are not governed by the UCC and, therefore, the UCC-imposed duty of good faith and fair dealing does not apply. *Overholt*, 2011 WL 4862525, at *6; *Henry*, 2011 WL 2261166, at *4; *McAllister v. BAC Home Loans Serv., LP*, No. 4:10-CV-504, 2011 WL 220672, at *4 (E.D. Tex. Apr. 28, 2011).

Plaintiff has not presented the Court with any authority to support his view that there is a duty

of good faith and fair dealing in the mortgage context. *See Casterline v. Indy Mac/One West*, 761 F. Supp. 2d 483, 491 (S.D. Tex. 2011); *Smith v. National City Mortg*, No. A-09-CV-881, 2010 WL 3338537, at *12 (W.D. Tex. Aug. 23, 2010). Therefore, any breach of contract claim based upon a duty of good faith and fair dealing should be dismissed.

**Negligent Misrepresentation Claim**[6]

Defendants assert that they are entitled to summary judgment on Plaintiff's negligent misrepresentation claim.

In order to demonstrate a claim for negligent misrepresentation, Plaintiff must show: (1) the defendant made a representation in the course of its business, or in a transaction in which it had a pecuniary interest; (2) the defendant supplied "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representations. *Horizon Shipbuilding, Inc. v. BLyn II Holding, LLC*, 324 S.W.3d 840, 850 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n.24 (Tex. 2002)). Notably, as to the second element of supplying false information, "the misrepresentation at issue must be one of existing fact." *BCY Water Supply Corp. v. Residential Invs., Inc.*, 170 S.W.3d 596, 603 (Tex. App.—Tyler 2005, pet. denied). "A promise to do or refrain from doing an act in the future is not actionable because it does not concern an existing fact." *Id.*

Promises of future conduct are insufficient to support a claim for negligent misrepresentation. *New York Life Ins. Co. v. Miller*, 114 S.W.3d 114, 125 (Tex. App.—Austin 2003, no pet.). To be actionable, defendant's statements must pertain to an existing fact. *Id.*

---

[6] Plaintiff's response fails to specifically address the negligent misrepresentation claim.

Defendants assert that Plaintiff's claim for negligent misrepresentation fails for the following reasons: (1) Plaintiff's claim is barred by the economic loss rule; (2) No loan modification was promised, any such promise would be for future performance, and Plaintiff has not been damaged.

Defendants assert that this claim fails as a matter of law under the economic loss doctrine because the sole basis for liability, if any, against Wells Fargo is contractual in nature by the terms of the Note and Deed of Trust.

The economic loss rule generally precludes recovery in tort where a plaintiff's only injury is an economic loss to the subject of a contract. *Academy of Skills & Knowledge, Inc. v. Charter Schools, USA, Inc.*, 260 S.W.3d 529, 541 (Tex. App. – Tyler 2008, pet. denied) (citing *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007)); *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 495 (Tex. 1991)). "When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *UMLIC VP LLC*, 176 S.W.3d at 614 (citing *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)). The focus of the rule "is on determining whether the injury is to the subject of the contract itself." *Academy*, 260 S.W.3d at 541 (citing *Lamar Homes*, 242 S.W.3d at 12). The rule restricts contracting parties to contractual remedies for such economic losses, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence. *Id.* (citing *Lamar Homes*, 242 S.W.3d at 12-13). "If the action depends entirely on pleading and proving the contract in order to establish a duty, the action remains one for breach of contract only, regardless of how it is framed by the pleadings." *OXY USA, Inc. v. Cook*, 127 S.W.3d 16, 20 (Tex. App. – Tyler 2003, pet. denied). Thus, in order for a tort duty to arise out of a contractual duty, i.e., negligent failure to perform a contract, the liability must arise independent of the fact that a contract exists between the parties; the defendant

must breach a duty imposed by law rather than by the contract. *DeLanney*, 809 S.W.2d at 494.

"[W]hen a written contract exists, it is more difficult for a party to show reliance on subsequent oral representations." *Beal Bank, S.S.B. v. Schleider*, 124 S.W.3d 640, 651 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Generally, "negligent misrepresentation is a cause of action recognized in lieu of a breach of contract claim, not usually available where a contract was actually in force between the parties." *Airborne Freight Corp. Inc. v. C.R. Lee Enters., Inc.*, 847 S.W.2d 289, 295 (Tex. App.—El Paso 1992, writ denied); *see Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no. pet) (explaining that "there must be an independent injury, other than breach of contract, to support a negligent misrepresentation finding.").

Here, Plaintiff alleges only a purely economic loss. Any complaints by Plaintiff about Wells Fargo's failure to forebear foreclosure relate to the parties' contractual relationship under the terms of the Note and Deed of Trust, and cannot, as a matter of law, form the basis of a negligence or negligent misrepresentation claim. Plaintiff's negligence claim fails as a matter of law and summary judgment should be granted on this claim.

Defendants next assert that no loan modification was promised, any such promise would be for future performance, and Plaintiff has not been damaged. Plaintiff contends that Wells Fargo made a negligent misrepresentation when it allegedly promised Plaintiff he qualified for a loan modification and that a payment of $20.00 would prevent foreclosure.

The promise that foreclosure "would be suspended" is not actionable as negligent misrepresentations because they are promises of future performance. Alleged oral promises that Wells Fargo would not foreclose while the loan modification was being reviewed is a promise of future performance, which is not actionable. Moreover, any purported promise by Defendants would

have been completely gratuitous and is not actionable because Defendants have no obligation to review Plaintiff for a loan modification. The Court agrees with Defendants that Wells Fargo has no obligation to modify the Note. Plaintiff's conclusory allegations regarding alleged promises by Wells Fargo to modify the Note do not give rise to a claim for negligent misrepresentation as a matter of law. Plaintiff has no evidence to support any element of his negligent misrepresentation claim. Plaintiff has no evidence that Wells Fargo supplied any false information or that he has been damaged by an alleged misrepresentation. Plaintiff has no damages because Plaintiff never brought the loan current. Defendants are entitled to summary judgment on Plaintiff's claim for negligent misrepresentation.

## Injunctive Relief

Plaintiff seeks an injunction preventing Defendants and their agents from evicting the Plaintiff. Under Texas law, a request for injunctive relief, absent a cause of action supporting entry of a judgment, is fatally defective and does not state a claim. Plaintiff has no viable claims against Defendants and thus, he has no basis for injunctive relief. The record is clear that Wells Fargo did have the right to foreclose on the Property and FHLMC is a bona fide purchaser of the Property. As a result, summary judgment is proper on Plaintiff's request for a permanent injunction.

## Suit to Quiet Title and Trespass to Try Title

Defendants assert that Plaintiff cannot establish superior title. Defendants request that the claim for quiet title and claim for trespass to try title fail as a matter of law. "To prevail in a trespass-to-try-title action, Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v.*

*Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted). "The pleading rules are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title." *Id.* (citation omitted).

A suit to quiet title is an equitable remedy to clarify ownership by removing clouds on the title. *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007). To establish a claim for suit to quiet title, Plaintiff must show the following: (1) an interest in specific property; (2) that title to the property is affected by a claim by the defendant; and (3) that the claim, although facially valid, is invalid or unenforceable. *Sadler v. Duvall*, 815 S.W.2d 285, 293, n.2 (Tex. App.–Texarkana 1991, pet. denied). An adverse claim, to constitute a cloud on the title removable by the court, must be one that is valid on its face but is proved by extrinsic evidence to be invalid or unenforceable. *Id.*

Plaintiff has failed to produce summary judgment evidence of his superiority of title. It is undisputed that the Property was purchased at a foreclosure sale. The Court has found that there was no defect in the foreclosure proceedings. When he defaulted on the Note, causing Wells Fargo to foreclose on the Property, the Plaintiff lost any interest he could claim in the Property, and Plaintiff has no evidence to establish he has an interest in the Property. Moreover, Wells Fargo's interest in the Property was valid and enforceable, as demonstrated by the Deed of Trust, and FHLMC is a bona fide purchaser of the Property. Thus, Plaintiff has no basis for an action based upon trespass to try title or quiet title.

**Declaratory Relief**[7]

Defendants also move for summary judgment on Plaintiff's claims for declaratory relief and for an accounting. Plaintiff seeks a declaration that Wells Fargo may not foreclose on the Property.

---

[7] Plaintiff's response failed to address his claims for declaratory relief.

However, Wells Fargo conducted the foreclosure sale on September 1, 2009.

The federal Declaratory Judgment Act states, "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Federal courts have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Declaratory Judgment Act is "an authorization, not a command." *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). It gives federal courts the competence to declare rights, but does not impose a duty to do so. *Id.*

The Declaratory Judgment Act is a procedural device that creates no substantive rights, and requires the existence of a justiciable controversy. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-241 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984). Thus, the Act provides no relief unless there is a justiciable controversy between the parties. The Fifth Circuit stated as follows:

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.
>
> Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects. To obtain equitable relief for past wrongs, a plaintiff must demonstrate either

continuing harm or a real and immediate threat of repeated injury in the future. Similar reasoning has been applied to suits for declaratory judgments.

*Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations and quotations omitted).

At the present time, there is no actual controversy between the parties that would allow for declaratory relief, and this claim should be denied. Plaintiff has not identified any provision of any of the loan documents over which there is any genuine factual dispute. Wells Fargo has standing to foreclose on the Property because it holds and services the Note. Plaintiff is not entitled to a declaration that the foreclosure on the Property was wrongful, because Plaintiff cannot establish a defect in the foreclosure sale proceedings, a grossly inadequate selling price, and a causal connection between any alleged defect and the grossly inadequate selling price. There is simply no basis in law or fact to support Plaintiff's request that the Court declare that Wells Fargo does not have standing to foreclose. As a result, summary judgment is proper.

**Plaintiff's Claim for Attorney's Fees**

Defendants assert that Plaintiff is not entitled to recover attorney fees. The Court agrees. To recover attorneys' fees, Plaintiff must prevail on a cause of action for which attorneys' fees are recoverable and recover damages. Because Plaintiff has no viable causes of action and is not entitled damages of any kind, he cannot recover attorneys' fees. Defendants are entitled to summary judgment on Plaintiff's claim for attorneys' fees.

**Defendants' Claims for Attorney Fees**

Defendants assert they are entitled to recover their attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §37.009., as well as pursuant to the terms of the Note and Deed of Trust. Defendants filed the affidavit of Richard A. Illmer seeking $15,000. The Court denies Defendants' request for attorneys' fees under Section 37.009 of the Texas Civil Practice and Remedies Code. Without

deciding whether fees are otherwise appropriate under Section 37.009, the Court finds that the affidavit submitted by Defendants does not adequately support their request for $15,000 in fees.

It is therefore ORDERED that Defendants' Motion for Summary Judgment (Dkt. #22) is hereby GRANTED and Plaintiff's case is DISMISSED with prejudice.

**SIGNED this 22nd day of April, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE